ROBINSONS *v.* THE LINCOLN SAVINGS BANK.

*(Nashville.* January 31st, 1887.)

1. MORTGAGE. *Absolute deed treated as mortgage, when.*

An absolute deed for land, executed solely to secure a debt to the vendee, will be treated in equity as a mortgage.

2. PRINCIPAL AND AGENT. *Ratification. Enforcement of contract.*

A principal may ratify and enforce a contract, made for his benefit by one acting as his agent, with a person having notice of the principal's rights in the subject-matter of the contract; although the agent may have contracted in his own name, and without express authority of his principal.

FROM LINCOLN.

Appeal from the Chancery Court of Lincoln County. W. S. BEARDEN, Sp. Ch.

CORMACK & WOODARD for Robinsons.

HOLMAN & WRIGHT for Bank.

SNODGRASS, J. William Jones, a judgment creditor of W. B. Robinson and complainants, had an execution levied on the lands of complainants, and sold it (after condemnation) on the 19th of May, 1877, Jones becoming the purchaser, at the price of $252.65.

W. B. Robinson procured Jones to extend the time of redemption, and in 1879 borrowed of the defendant bank an amount sufficient to redeem it, and had the bank satisfy Jones' debt, the bank taking Jones' deed, and also the deed of the Sheriff, to the land. The arrangement was made about the money on the 18th of August, 1879, but Robinson did not, it seems, receive the Jones money, it being agreed that it was to be placed to the credit of Jones, subject to his order when the deed was made.

Jones made a deed to the bank on the 2d of December, 1879, for the recited consideration of $291.45, the amount of his debt and interest, and directed the Sheriff also to make a deed, which was done on the 12th day of January, 1880.

Both these deeds showed that it was the lands of Melissa and Cassena Robinson bought by Jones at execution sale.

When Robinson made the arrangement with the bank to borrow the money he transferred to the

bank certain notes and personal property and took its receipt, showing that if he paid off this $291.45 and certain other debts which he secured, in all amounting to $482.30, with interest, by the 1st day of December, 1879 (except a $160 judgment upon which Robinson might take further time until the 1st of March, 1880), then the bank was to reconvey the land. But the bank, the receipt recites, "is in no manner bound to convey said land to said Robinson until he shall have paid the amounts, and by the times as herein agreed," and he was to have no recourse on the bank for the notes, obligations, watch, and horse conveyed, provided he fails to pay as stipulated, "they being," as recited, "the property of the bank;" but on the payment of said sums promptly, as stated, said bank will deliver the same to him, or otherwise satisfactorily account for them."

On this receipt several credits appear. One for $25, August 20th, 1879; three aggregating $141.50, and one for $11, December 22d, 1879, and two others, $50 and $54.50, of subsequent date.

The bill in this case was filed to have the transaction declared a mortgage, and to have the payments credited, together with rents received, etc. The matter, before the suit, was the subject of compromise negotiation, which was suddenly broken off by the bank selling the land to Defendants McLemore.

They, however, bought on time, and the payment of their notes was enjoined, and they make

no defense, so that their purchase is not in the way of the relief sought.

Complainants show the land was worth about $1,200. Robinson's object in negotiating this arrangement was to save and redeem the land. The absolute conveyances made were put in this form only to secure the debt, and it is very clear that in equity the transaction must be treated as a mortgage.

But the bank insists that it dealt alone with W. B. Robinson, and that there is no privity between him and complainants, and that they have no right to relief under the contract made with him.

There is nothing in this. Robinson, who was the brother-in-law of complainants, was acting as their representative in the matter, and whether he so represented to the bank or not is immaterial.

Both deeds to the bank show that the land was sold as the land of complainants. Robinson would have had no right to redeem for himself, and a contract whereby he secures money to redeem, effectuated by the execution of such deeds, shows itself in this way the parties for whose use the money was obtained. Of course when an agent, acting for another, borrows money to relieve, and does relieve the principal's property, by procuring a conveyance of it with other property, the principal, when he discovers it, can take the same advantage secured to the agent. He but steps in and takes his place as the real principal, and of this the lender cannot complain, having received

a conveyance of the principal's property, which upon its face discloses the real ownership.

The decree of the Chancellor should be reversed, the deed to the McLemores canceled, and the deeds of Jones and the Sheriff to the bank declared mortgages, payments on the receipt and proceeds of other property therein mentioned and rents received, or which should have been received, credited on the debt; and if any balance remain due the land should be sold for its payment. But in the event the payments and property shown in the receipt and rents exceed the amount used in redemption, secured to the bank as shown in the receipt, the excess will be first applied to payment of the other debts secured therein. Should these payments, etc., exceed the amount therein shown to be due the bank, the mortgage will be declared satisfied, and a writ of possession will issue to put complainants into possession of the land.

The costs accrued in the Chancery Court and in this Court will be paid by the bank; those subsequently accruing in the Chancery Court as the Chancellor may decree. The cause will be remanded.